[No. 14354.   Department One. — November 20, 1891.]

# G. A. DOBINSON et al., Respondents, v. E. N. McDONALD, Appellant.

| 92 | 33 |
| 95 | 214 |
| 92 | 33 |
| 117 | 328 |
| 92 | 33 |
| 129 | 85 |

Appeal — Review of Conflicting Evidence. — The determination of the trial court, upon conflicting evidence, is conclusive upon the appellate court, and it is a needless consumption of time and labor for counsel to attempt a review upon appeal of the correctness of such determination.

Agency — Exclusive Right to Sell Land — Sale by Principal — Agent's Commission — Right of Action. — Where, by the terms of an agreement conferring a sole agency for the sale of land, the principal agrees to pay to the agents the same commission as if they had procured a purchaser, if he should sell or agree to sell the land or part of it to any one in the twelve months next ensuing, an immediate obligation to pay the commission is created against the principal by virtue of the contract, by a sale effected by him through another agent within that period, and the agents first appointed have an immediate right of action to recover the same.

Id. — Extinction of Obligation — Part Payment — Written Agreement — Executed Contract. — The obligation to pay the commission agreed upon cannot be extinguished by part payment, unless accepted in writing by the agents in satisfaction, or rendered in pursuance of an agreement in writing, or unless an agreement to accept less than that to which they were entitled was executed on the part of the principal.

Id. — Fraud in Agreement for Satisfaction — Rescission. — An executed agreement for part payment in satisfaction of the commission of agents is subject to all the rules applicable to other agreements, and if the consent of the agents thereto was obtained by fraud of the principal, in misrepresenting a material existing fact, which induced them to enter into the agreement, it may be rescinded upon discovery of the facts entitling them to a rescission, coupled with an offer to restore what they had received.

Id. — Misrepresentation as to Sale by Principal — Recovery of Commission by Agent. — Where by means of a fraudulent misrepresentation of the principal that he had not sold the land, and had changed his intention as to selling it, the agents having an exclusive right of sale were induced to accept part payment of their commission in satisfaction of the obligation of the principal, they are entitled to rescind the agreement for satisfaction, and to recover the full amount of commission which had previously matured in their behalf by reason of a sale effected by the principal of which they were ignorant.

Id. — Deduction of Amount Paid by Principal — Agreement between Agents — Parties. — The principal cannot deduct from the commissions agreed to be paid to his exclusive agents the amount of commissions paid by him to another agent for effecting a sale, nor can he enforce an agreement subsequently made between the agents for a division of commissions among them, which can be established only in an action to which the other agent is a party.

XCII. Cal.—3

Appeal from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Stephen M. White,* and *Chapman & Hendrick,* for Appellant.

*Lee & Scott,* for Respondents.

Harrison, J. — In March, 1886, the defendant executed to the plaintiffs the following instrument: —

"Los Angeles, Cal., March 20, 1886.

" To Messrs. G. A. Dobinson, J. A. Fairchild, and T. E. Rowan.

" I hereby appoint you sole agents for the sale of my ranch, containing about four thousand two hundred (4,200) acres, situate in Los Angeles County, California, and being part of the San Pedro ranch. I will sell said ranch for one hundred and twenty-six thousand ($126,-000) dollars, payable one third cash, and balance in deferred payments at one, two, and three years, secured by mortgage on land, and drawing interest at eight per cent per annum, net, to me. You will advertise and push the sale of said property at your own expense, and in consideration of your services I will pay you a commission of five thousand ($5,000) dollars, in the event of a sale of the whole of the ranch at above price, or by your procuring a customer who will buy on said terms. . . . . I agree to pay you the commission as above, if I should sell or agree to sell said ranch, or part of it, to any one in the twelve months next ensuing, and afterwards until you are notified that this agreement is at an end. You are authorized to accept a deposit and to give a binding receipt to a purchaser on the above terms, and I will furnish abstract of title at my expense.

" E. N. McDonald."

After the execution of this instrument, the plaintiffs, under its authority, and until December 1, 1886, acted

as the agents for the defendant in endeavoring to effect a sale of said property, expending money and carrying on negotiations therefor, and used reasonable diligence therein. On the 24th of November, 1886, the defendant gave to one Frye written authority to sell the same property, under which, on the same day, Frye effected a sale thereof to one Boyce, which the defendant, by his written agreement, ratified and confirmed on the 26th of November, 1886. After this sale had been so ratified and confirmed by him, viz., December 1, 1886, he represented and stated to the plaintiffs that he had changed his intention as to selling said land, and no longer desired or intended to sell the same, but had withdrawn it from market, and also stated and represented to them that he had not sold said land, and did not intend or expect to sell the same, and offered to pay them one thousand dollars for the surrender of the above agreement. The plaintiffs, relying upon these representations and statements, and not knowing that he had already sold the land, accepted his offer, surrendered the agreement to him, and received from him one thousand dollars as the consideration therefor. The court, in addition to the above facts, finds that these representations and statements by the defendant were false and fraudulent, and were made by him with the intent to deceive and defraud the plaintiffs, and that he fraudulently concealed from them the fact that he had already sold the land; and also finds that the plaintiffs relied upon the said statements and representations, and were induced thereby to accept his said offer of a thousand dollars, and to surrender said agreement.

In September, 1888, the plaintiffs learned that at the time of the said statements and representations, the defendant had already sold the land, and that his representations to them in reference thereto were false, and thereupon they rescinded said surrender, and gave him notice thereof, and demanded from him the remainder of the five thousand dollars specified in the agreement, and also offered to repay to him the one thousand dol-

lars received from him, on condition that he redeliver
to them said agreement.   Upon the refusal to pay said
sum or accept said offer, this action was commenced to
recover from the defendant the sum of four thousand
dollars, with interest from December 1, 1886.   The ac-
tion was tried by the court without a jury, and judg-
ment rendered in favor of the plaintiffs.   From this
judgment, and an order denying a new trial, the de-
fendant has appealed.

The issues determined by the court below depended
almost entirely upon the weight to be given to contra-
dictory and conflicting evidence, and the counsel for the
respective parties have presented to this court elaborate
briefs, in which that evidence is reviewed, and wherein
we are asked to weigh the same, and determine the con-
flict between the testimony of the plaintiffs and of the
defendant, and the corroboration given to either.   It
would seem hardly necessary, at this day, to repeat the
oft-asserted rule that the determination of the trial court
upon such evidence is conclusive in this court, and that
after that court, upon a motion for a new trial, has af-
firmed its former decision, it is a needless consumption
of time and labor, as well of counsel as of the members of
this court, to attempt here a review of the correctness
of such determination, or to ask of us to determine the
relative weight to be given to the respective statements
of the witnesses.

By the terms of the agreement between the defendant
and the plaintiffs, they became entitled to receive from
him the sum of five thousand dollars, if he " should sell
or agree to sell said ranch, or part of it, to any one,
in the twelve months next ensuing " after March 20,
1886.   When, therefore, on the 26th of November, 1886,
the defendant sold the ranch through Frye to Boyce,
an obligation was created against him, by virtue of his
aforesaid contract, to pay to the plaintiffs the sum of
five thousand dollars, for which they had an imme-
diate right of action against him.   This obligation
could not be extinguished by part performance on the

part of the defendant, unless such part performance was expressly accepted by the creditor in writing, in satisfaction, or rendered in pursuance of an agreement in writing for that purpose.    (Civ. Code, sec. 1524.) The obligation could, however, be extinguished by an agreement on the part of the plaintiffs to accept less than that to which they were entitled, provided such agreement was executed on the part of the defendant. (Civ. Code, secs. 1521–1523.)    Such an agreement is, however, subject to all the rules applicable to other agreements.    If the consent of the plaintiffs thereto was obtained through fraud exercised by the defendant, they had the right to rescind the agreement (Civ. Code, sec. 1689), provided such rescission was made promptly upon discovering the facts which entitled them to rescind, coupled with an offer to restore to him what they had received from him.    (Civ. Code, sec. 1691.) Any false representation or affirmation of any matter which was material, as an existing fact distinguished from mere opinion, or intention, or promise, as an inducement to enter into the agreement, was such a fraud as would authorize a rescission.    (*Marriner* v. *Dennison*, 78 Cal. 211.)    Within these principles, the facts found by the court below fully sustain the judgment.    The false statement by the defendant to the plaintiffs, that he had not sold the property at the time he offered to give them the thousand dollars for a surrender of his agreement, was such a fraud upon them as to entitle them to a rescission of their agreement to surrender it, for it is not to be supposed that if he had then told them the truth, and informed them that he had already sold the land, they would have accepted the thousand dollars in satisfaction of an obligation against him which had already matured in their behalf for the sum of five thousand dollars.

The claim on the part of the appellant, that he is entitled to a deduction of $1,250, paid by him to Frye, cannot be maintained.    It is conceded by counsel upon both sides, in their briefs, that this amount of money

was paid by him to Frye, although we have been unable to find in the record any evidence of more than an agreement on his part to pay it. But assuming that it was paid by him, he paid it upon an independent agreement between himself and Frye, and not in pursuance of his agreement with the plaintiffs. Whatever right Frye had to a portion of the five thousand dollars, agreed to be paid to plaintiffs by the defendant, was derived under an agreement with them subsequent to their agreement with the defendant, and could be established only in an action to which Frye was himself a party. The defendant was not authorized to administer upon the assets of the plaintiffs in his hands, and disburse the same in payment of such claims against them as he might consider just.

The judgment and order are affirmed.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.