[Civ. No. 1608.   Second Appellate District.—February 24, 1915.]

THOMAS CLOYNE, Respondent, v. A. LEVY, Appellant.

CONTRACTS—ACCORD AND SATISFACTION—CONSIDERATION.—An agreement
by the terms of which a creditor accepts in extinction of an obliga-
tion a less sum than that due from the obligor must be founded upon
a sufficient consideration where there is no writing, as provided
by section 1524 of the Civil Code; the fact that the debtor is insol-
vent, or that a genuine controversy exists as to the amount of the
obligation, may constitute such a consideration.

ID.—ACTION UPON WRITTEN CONTRACT—ACCORD AND SATISFACTION NOT
SHOWN.—In this action to recover an alleged balance due for in-
terest under the terms of a written contract, it is *held* that the
finding of the court to the effect that there was no accord and
satisfaction at the time that the defendant paid to the plaintiff a
lesser amount than that due under the terms of the contract, is
amply supported by the evidence.

ID.—CONTRACT—VALIDITY OF—PUBLIC POLICY.—A written contract be-
tween a banker and depositor by which the former obligates him-
self to pay the latter interest on a sum of money left by the
latter on deposit pending an appeal in certain litigation with a third
party, in the event that the appeal is affirmed, and no interest if
the judgment is reversed, is not void as tending to encourage litiga-
tion or as being in the nature of a gambling contract.

APPEAL from a judgment of the Superior Court of Ven-
tura County and from an order denying a new trial.   Robert
M. Clarke, Judge.

The facts are stated in the opinion of the court.

Charles F. Blackstock, for Appellant.

Robert M. Sheridan, Hiatt & Selby, and Edward M. Selby,
for Respondent.

SHAW, J.—This action grew out of the following facts:
Thomas Cloyne agreed in writing to buy from M. L. Wolff a
certain tract of land, at which time he paid one thousand dol-
lars on account of the purchase price thereof.   Upon Cloyne
refusing to consummate the deal by paying the balance of
$16,026.80, in accordance with the agreement, Wolff, on June
28, 1907, tendered him a deed which Cloyne refused to accept.

Whereupon Wolff brought suit upon said contract for the specific performance thereof.

The result of the trial was a judgment rendered on February 14, 1908, in favor of Wolff for $16,912.05, bearing interest at the rate of seven per cent until paid. From this judgment Cloyne appealed to the supreme court. Defendant Levy had no interest in the litigation, but it appears that Cloyne had a large sum of money on deposit in his bank, and before taking said appeal Cloyne and Levy, who was the chief owner of the bank, made an agreement on February 29, 1908, which, after reciting that judgment had been rendered in said action in favor of Wolff, bearing "interest at the rate of seven per cent per annum from and after the 28th day of June, 1907," and that Cloyne intended to appeal said case and had on deposit in the Bank of A. Levy, Inc., a sum of money exceeding the sum of eighteen thousand dollars, of which bank Levy was the principal stockholder and therefore to his interest to have said deposit remain in said bank pending the concluson of such litigation, provided: That Thomas Cloyne should leave a sum of money amounting to at least eighteen thousand dollars on deposit in said bank pending said appeal and until the final termination of the litigation, in consideration of which "the said A. Levy hereby agrees in consideration thereof that if the said Thomas Cloyne shall eventually be defeated in said litigation, that is to say, if judgment shall finally be rendered against said Cloyne in said matter, then and in such event the said A. Levy agrees to pay to said Thomas Cloyne an amount equal to the legal interest figured at seven per cent per annum on said judgment from June 28, 1907, and which said Thomas Cloyne shall then be under legal obligation to pay." It was further provided that if the case should be reversed or eventually decided in favor of Cloyne, Levy should not pay any interest on said deposit.

The judgment in the case of *Wolff* v. *Cloyne,* 156 Cal. 746, [106 Pac. 104], was, on January 15, 1910, by the supreme court affirmed, and on February 17, 1910, Levy paid to Cloyne the sum of $2,313, which represented interest on said judgment rendered in *Wolff* v. *Cloyne* at the rate of seven per cent per annum for a period extending from February 14, 1908, the date of the judgment, to the date of its affirmance on appeal.

The action is upon the agreement to recover the balance of $754.38, alleged to be due thereon. Judgment went for plaintiff, from which, and an order denying his motion for a new trial, defendant appeals.

Defendant in his answer admits the execution of the agreement as set out in the complaint, but, by both answer and cross-complaint, alleges that said written agreement does not express the true intent and meaning of the parties in making said agreement, which, as alleged, was that he, defendant Levy, should pay plaintiff such rate of interest from the date when said judgment was rendered, to wit: February 14, 1908, and not from June 28, 1907, which was the date when Wolff tendered the deed to Cloyne, but that in reducing their agreement to writing a mutual mistake was made in inserting the date June 28, 1907, as the time from which interest should run.

Upon these allegations defendant asked for a reformation of the agreement. It is also alleged in the answer that this mistake was discovered by both parties on or about February 17, 1910, at which time defendant paid to plaintiff the sum of $2,313, and that plaintiff accepted said sum in full satisfaction and discharge of any and all claims under and by virtue of said agreement.

It thus appears that defendant, while conceding that under the agreement as written plaintiff is entitled to recover the sum sued for, nevertheless insists not only that the amount paid under the circumstances shown constituted an accord and satisfaction, but also that under the evidence he was entitled to have the instrument reformed so as to express what he insists was the true intent and meaning of the parties. As to both these contentions the court found against defendant.

The obligation of defendant under the terms of the written agreement was to pay plaintiff interest on the judgment from June 28, 1907, to the date of its affirmance. This amounted to $3,067.38. On February 17, 1910, defendant paid Cloyne $2,313 toward the liquidation of said indebtedness. Appellant insists that such payment constituted an accord and satisfaction the effect of which was to discharge the obligation. If this payment of the lesser sum extinguished the obligation of defendant upon the agreement, it was (in the absence of an acceptance in writing, or made pursuant to the terms of a written instrument, Civil Code, section 1524), by virtue of a new agreement which in law is termed an accord and

satisfaction.   (Civ. Code, sec. 1521.)   To support and render such an agreement, when executed, valid, since there was no writing as specified in section 1524, it must, like other contracts, be founded upon a sufficient consideration.   (*Deland v. Hiett,* 27 Cal. 611, [87 Am. Dec. 102]; *Dobinson* v. *McDonald,* 92 Cal. 33, [27 Pac. 1098].)   The fact that the debtor is insolvent, or that a genuine controversy exists as to the amount of the obligation, may, in the absence of a writing, constitute sufficient consideration for the agreement when the creditor accepts in extinction of the obligation a less sum than that due from the obligor.   Appellant's contention is that when plaintiff, on February 17, 1910, went to the former's bank, presented his bank-book and requested that Levy enter therein to plaintiff's credit the amount of interest due to him under the terms of the agreement, a dispute arose between them as to the correct amount, and after some discussion on the subject, wherein plaintiff expressed the opinion that he was entitled to a greater sum than that which appellant proposed to pay him, finally agreed to accept interest for the period extending from February 14, 1908, thereby waiving any right to interest for the period from June 28, 1907, to February 14, 1908.   Conceding this contention supported by the testimony of defendant (as to which we entertain grave doubt), it is nevertheless contradicted not only by plaintiff himself, but by his daughter, who was present.   From this testimony, accepted by the court as true, it appears that Cloyne handed his bank-book to Levy, asking him to make entry of credit therein of the amount of interest due; that Levy took the book and made a computation and, after the same was verified at Levy's request by an employee of the bank, he then made the entry of $2,313 and handed the book to Cloyne, saying: ''There is your interest.''   According to plaintiff's testimony, there was not only no dispute, but no discussion.   He relied upon Levy, who appears to have been his banker, to enter the correct sum.   Afterward, feeling that the sum paid was less than that due, he had a computation made which disclosed the balance herein claimed to be due under the terms of the agreement.   The finding of the court to the effect that there was no accord and satisfaction is amply supported by the evidence.

Little is urged in support of the proposition that the evidence is insufficient to support the finding to the effect that

there was no mutual mistake in reducing the agreement to writing, other than that the recital of the rendition of a judgment bearing interest at the rate of seven per cent per annum is, since the judgment was rendered February 14, 1908, inconsistent with such fact. This apparent inconsistency is fully explained, however, by the testimony of plaintiff that, owing to the fact that the judgment as rendered included interest from June 28, 1907 (the date of the tender of the deed by Wolff), plaintiff and his friends insisted that Levy should obligate himself to pay interest from such date. To this defendant objected, but finally agreed thereto; whereupon, to remove any uncertainty as to this being the meaning of the parties, the words, "from June 28, 1907," were inserted by interlineation after the words, "per annum on said judgment"; and with this interlineation made the parties executed the agreement. The finding upon the evidence disclosed could not have been other than that made.

There is no merit in the contention that the agreement tended to encourage litigation, or was in the nature of a gambling contract and therefore void as against public policy. It was made upon a sufficient consideration, namely: that defendant was to have the use of the money for which he was to pay interest. The fact that in the contingency that the judgment should be reversed he was to pay no interest, could not affect the validity of the agreement.

The judgment and order are affirmed.

Conrey, P. J., and James, J., concurred.