[Civ. No. 4276.   First Appellate District, Division One.—September 27, 1922.]

## TAHOE PINES COMPANY (a Corporation), et al., Respondents, v. GEORGE NEWMAN, Appellant.

[1] VENDOR AND VENDEE—SPECIFIC PERFORMANCE—PAYMENT OF TAXES —EVIDENCE.—In an action for specific performance of a contract for the sale of land which contained a provision that the vendor was to pay the taxes until the price was fully paid, the defendant vendee cannot contend on appeal that the judgment declaring that the plaintiff performed all the conditions of the contract should be reversed on the ground that the evidence conclusively showed that the defendant paid the entire taxes with the exception of a single year, where at the time of the execution of the contract the land was assessed as acreage and when the assessment was apportioned to the several lots and blocks the defendant paid the taxes willingly and without objection, and never requested the plaintiff to do so.

[2] ID.—RESALE OF LAND AT PROFIT—STATEMENT OF VENDOR—EXPRESSION OF OPINION.—The statement by a vendor that considering the way in which the land was selling that the vendor was convinced the purchased land could be .resold within a year at a profit when standing alone amounted to no more than a mere expression of opinion.

[3] ID.—ABILITY TO SELL AND CONVEY—EVIDENCE.—In an action by a vendor for specific performance of a contract for a sale of land, evidence that at the time of the execution of the contract the vendor had an agreement to purchase the land was sufficient to establish ability to resell the land and convey title thereto.

[4] ID.—OWNERSHIP OF VENDOR—NATURE OF.—It is not necessary that a vendor should be the absolute owner of property at the date of an agreement of sale, since an equitable estate in the land or a right to become its owner is the subject of sale, and whenever one is so situated that he can acquire the title thereto he is in a position to make a valid agreement with reference to the property.

[5] ID. — PRICE PAYABLE IN INSTALLMENTS — DEFAULT — REMEDIES OF VENDOR—STATUTE OF LIMITATIONS.—Where a contract for the sale of land provides for the payment of the price in installments the vendor may upon default sue for the recovery of each installment when due or he may bring a suit in equity for the specific performance of the contract after the last installment becomes due, and the statute of limitations does not run against such equitable action until four years' after the accrual of the last installment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   Bernard J. Flood, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Edgar C. Levey, for Appellant.

John Breuner, Jr., and Breuner & Erb for Respondents.

TYLER, P. J.—This is a suit in equity brought by the plaintiffs as vendors to specifically enforce the provisions of a contract relating to the sale of certain real property. The contract sued upon was entered into between the defendant and Ferguson-Breuner Co., a copartnership, which copartnership was subsequently incorporated under the same name. At the time the transaction was had the copartnership did not have title to the property, but it was subsequently acquired by plaintiff Tahoe Pines Company, which latter corporation was formed shortly thereafter for the purpose of acquiring title to the property, and it was ready and willing at all times to convey title to plaintiff and other purchasers, hereinafter referred to, in conformity with the terms of their contract. The full purchase price of the land in question was the sum of $2,500. As required by the terms of the agreement, defendant deposited $250 on the execution thereof, and paid $40 in monthly installments thereafter for a period of time until his total payments amounted to the sum of $1,430, when he refused to make any further payments, claiming that the plaintiffs had neglected to pay the taxes on the property as required by the contract of sale. Claim is also made that defendant's consent to the contract was obtained through misrepresentation and fraud. The contract was entered into on September 2, 1909, and defendant, as a further defense, set up that the monthly installments commencing with the second day of January, 1912, to and including the second day of January, 1914, were barred by the provisions of section 337, subdivision 1, of the Code of Civil Procedure. Trial was had before the court without a jury, and judgment was rendered in favor of plaintiffs for the full sum of $1,070, the unpaid balance of the purchase price, as prayed for, and defendant appeals.

From the evidence it appears that the Ferguson-Breuner Company had acquired a tract of land on the shores of Lake Tahoe for the purposes of subdivision. The entire

tract consisted of some 200 acres. This company subdivided the tract into blocks and lots, and the land here in dispute consisted of one of such blocks which was divided into eight lots. At the time the contract in question was entered into, the entire tract was assessed as a whole. On account of the different character and value of the lots and blocks as subdivided it was deemed impossible for the parties to determine what proportion of the tax defendant should be required to pay while the tract was assessed as acreage. Accordingly the parties inserted a clause in their contract with reference to payment of taxes. Such clause reads as follows:

"Said first party [Ferguson Breuner Co.] agrees to pay taxes on said property at the present assessed value thereof, until whole purchase money is fully paid."

[1] It is first contended as ground for reversal that this condition of the contract was breached by plaintiffs, and that the evidence conclusively shows that with the exception of those levied for the year 1909 the entire taxes assessed against the property were paid by defendant, and that no part was assessed or paid by plaintiffs, for which reason it is claimed the judgment that plaintiffs performed all the conditions of their contract finds no support in the evidence. We see no force in this contention.

It is manifest from the record that it was the intention of the parties that the vendor was to pay the taxes only while the property was assessed as acreage. At the time of the execution of the contract the land was so assessed. Thereafter and when the assessment was apportioned to the several lots and blocks, defendant paid the taxes willingly and without objection or protest, and never requested plaintiffs so to do. The evidence shows that defendant and other purchasers were fully informed upon this subject, and further, that all parties were in accord with this arrangement. Equally without merit is the claim that the contract was induced by fraud and misrepresentation. In this connection it is claimed by appellant that at the time he agreed to buy the property a printed prospectus was shown to him wherein sites for a clubhouse and hotel were set out, and representations were made that an extensive water system would be installed upon the land, and that a wharf would be built and streets constructed, and the hotel and clubhouse would be erected all within a year from the date of

the agreement of purchase. It is further claimed that defendant was assured that the vendor would dispose of a portion of the property, and that from the sale of one-half of it obtain more than a sufficient amount to pay for the whole. Plaintiffs denied that any such representations had ever been made. [2] It is admitted that defendant was informed that considering the way in which the land was selling that the vendor was convinced it could be resold within a year at a profit. But standing alone this amounted to no more than a mere expression of opinion. The entire evidence upon this subject shows that the price paid for the land was, as plaintiffs allege, just and equitable, and fully sustains the findings of the trial court upon this subject, and it further shows that plaintiffs did not make the alleged fraudulent representations which is claimed induced defendant to enter into the agreement.

[3] Appellant further claims that the evidence fails to establish ability on the part of Ferguson-Breuner Company to originally contract to sell the land or to convey title to the same. The evidence shows that at the time the contract was made the copartnership had an agreement to purchase the tract in question. It was therefore in a position to contract with other parties for its sale. (*Wolff* v. *Cloyne,* 156 Cal. 746 [106 Pac. 104].) The case does not present any question of doubtful or defective title. [4] It is not necessary that a vendor should be the absolute owner of property at the date of an agreement of sale. An equitable estate in the land or a right to become its owner is the subject of sale, and whenever one is so situated that he can acquire the title thereto he is in a position to make a valid agreement with reference to the property. (*Easton* v. *Montgomery,* 90 Cal. 307 [25 Am. St. Rep. 123, 27 Pac. 280].) Moreover, the title to the land in question was acquired by plaintiff Tahoe Pines Company, which took over the business of the partnership and the corporation for the benefit of all purchasers in the tract, and plaintiffs were at all times in a position to convey title. [5] And finally, with reference to the claim that certain of the installments are barred by limitation of time: It is claimed that in an action at law on an obligation non-equitable in character, to pay a certain sum in installments, that the statute of limitations begins to run upon each

installment upon the date it is due. Whether this be true or not is of no consequence, as the present action is one in equity to compel specific performance, and is in no sense an action at law to recover the purchase price or certain installments thereof. While the vendors might have commenced an action at law for the recovery of each installment when due, they were not bound to do so. They had the option to pursue in the alternative either a legal or equitable remedy. It is a well-established and familiar doctrine of equity that the right to specific performance, if it exists at all, is, and necessarily must be, mutual. The remedy must be alike attainable by both parties to the agreement. This is a distinctive feature of the doctrine. (Pomeroy on Contracts, sec. 6.) Where, therefore, in a contract for the sale of land, since the purchaser may, by a suit in equity, compel the execution and delivery of a deed, the vendor by a similar suit may also enforce the undertaking of the vendee, although perhaps the substantial part of the relief sought amounts to nothing more than a liability on the part of such vendee to pay a certain sum of money. The requisite of mutuality includes both a mutuality of legal rights and a mutuality in equitable remedies. Assuming, therefore, that the four-year limitation is applicable, we fail to see how the statute can be successfully invoked. The present action was filed within four years from the date the last installment was due. The cause of action upon which plaintiff has elected to stand did not accrue until that time. In a contract of the character here involved where the purchase money is to be paid in installments, neither party to the contract can maintain an action for specific performance until the last payment is due. The vendor is prevented because of the fact that the installments are not due, and the vendee for the reason that until he has made full payment he is not in a condition to demand a conveyance. (*Jones* v. *Boyd*, 80 N. C. 258.) Prior to this period, therefore, the cause of action upon which plaintiff relies did not accrue, and this being so, such a suit brought before that time would have been premature. (*Troy* v. *Clarke*, 30 Cal. 420; *May* v. *Sullivan*, 37 Miss. 541.)

For the reasons given the judgment is affirmed.

Kerrigan, J., and St. Sure, J., *pro tem.*, concurred.