BOYS TOWN, U.S.A., INC., a Nevada corporation, Appellant,

v.

The WORLD CHURCH, a California corporation, Jackson Appliance, Inc., a California corporation, Appellees.

No. 19556.

United States Court of Appeals Ninth Circuit.

Aug. 10, 1965.

Rehearing Denied Sept. 28, 1965.

Paul K. Duffy, Morris Lavine, Los Angeles, Cal., for appellant.

Philip F. Belleville, Latham & Watkins, Los Angeles, Cal., for appellee.

Before BARNES and ELY, Circuit Judges, and POWELL, District Judge.

POWELL, District Judge:

This appeal is from a judgment of dismissal on the merits on a motion for summary judgment in an action for specific performance of a contract and damages for its breach. It is a diversity case. This Court has jurisdiction under 28 U.S.C. § 1291.

On April 13, 1959, the World Church (Church) as seller, entered into a contract of sale of California real estate to the appellant and Sunset Development Company.[1] Performance of the contract was to be completed on July 24, 1959. On June 1, 1959, the Church, the seller, gave notice of the cancellation, termination and rescission of the contract.

On March 28, 1960, appellant commenced an action against the Church in the Superior Court of the State of California in and for the County of Ventura. The complaint in that action sought specific performance of the same alleged contract which was attached to the complaint in the lower court here. It also sought damages for breach of the contract. It asserted the seller was obligated to convey title to the property on July 24, 1959.

On March 17, 1961, Jackson Appliance, Inc. (Jackson) acquired title to the subject real property from the Church. On June 28, 1962, Jackson intervened in the state court action in Ventura County and filed its answer in intervention. It alleged ownership of the property, that it owed no amount in damages to appellant and that there was no right in appellant to specific performance of the contract.

On July 23, 1962, the Superior Court for the State of California in Ventura County entered a judgment on the merits in that suit in favor of Jackson and the Church. That judgment found appellant was not entitled to damages from either defendant or intervener and was not entitled to specific performance of the contract.

The state court judgment was appealed to the District Court of Appeals for the State of California and on October 23, 1963, was affirmed. 221 Cal. App.2d 468, 34 Cal.Rptr. 498. Petition for hearing by the Supreme Court was denied December 18, 1963.

This action was filed in the United States District Court on February 26, 1964. It concerns the same property that was described in the prior state court action. The complaint is for damages and specific performance based on the same contract as that relied on in the former state court action. The only allegation not in the amended complaint in the state court action is that Jackson has interfered with the appellant's contract with the Church and is liable for damages.

### RES JUDICATA OR ESTOPPEL BY JUDGMENT

There is an invasion of only one primary right by each of the defendants. That is the right to whatever contractual benefits appellant may be entitled under the contract of purchase. That right was adjudicated in the former action, which judgment is now a bar to this action by appellant.

Restatement, Judgments § 48:

"Where a valid and final personal judgment is rendered on the merits in favor of the defendant, the plaintiff cannot thereafter maintain an action on the original cause of action."

See: Panos v. Great Western Packing Co., 21 Cal.2d 636, 134 P.2d 242 (1943); McNulty v. Copp, 125 Cal.App. 2d 697, 271 P.2d 90 (1954).

---

1. Sunset Development Company conveyed all its interest in the contract to the appellant prior to the commencement of this action. Reference will only be made to appellant Boys Town, U.S.A., Inc.

Appellant seeks to avoid the effect of this rule by contending that Jackson was not a party to the first case. Jackson was a party to the case by intervention and subject to the jurisdiction of the court. It raised the questions in its answer in intervention that terminated the case. The state court judgment provided dismissal as to Jackson.

All matters that could have been raised by any of the parties will be considered as adjudicated.

Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970 (1946), rehearing denied 328 U.S. 879, 66 S.Ct. 1335, 90 L.Ed. 1647:

"In general a judgment is res judicata not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit." (327 U.S. p. 735, 66 S.Ct. p. 857)

Hatchitt v. United States, 158 F.2d 754 (9 Cir. 1946):

"Paraphrasing the language of the following authorities and applying it to the cases at bar, we may say that it is of no importance that in the St. Marie litigation the appellants failed to set up all their rights—namely, those under the 1923 schedule as well as those under the one of 1927—upon which their cause of action could have been maintained. It is sufficient that it might have been litigated." (p. 757)

McFaddin v. H. S. Crocker Co., 219 Cal.App.2d 585, 33 Cal.Rptr. 389, 392:

" * * * It is well settled in this state that a party may not split a single cause of action, using the same obligation as the basis of separate suits, and that where this is done the judgment in the first action may be pleaded as a bar to a subsequent suit based on the same fundamental claim which could have been presented in the first action."

## STATUTE OF LIMITATIONS

The contract was to be performed by the Church on July 24, 1959. This action was commenced February 26, 1964, more than four years later. The statute of limitations that governs the actions on the contract is California Code of Civil Procedure, Section 337 (Vol. I, R.p. 88, lines 25–28). It is a four year limitation and bars action against the Church.

Appellant cites cases which purport to permit a postponement of the running of the statute. They are Ross v. Tabor, 53 Cal.App. 605, 200 P. 971 (1921); Union Sugar Co. v. Hollister Estate Co., 3 Cal. 2d 740, 47 P.2d 273 (1935), and Tahoe Pines Co. v. Newman, 59 Cal.App. 186, 210 P. 445 (1922). They do not assist appellant here.

Ross v. Tabor holds that since the contract involved was an executory one, the statute of limitations did not commence running until the time arrived for complete performance, unless there had been a mutual abandonment or rescission by the plaintiff.

The Union Sugar case holds that in an executory farming contract, "where the parties did not mutually abandon or rescind it upon a breach or successive breaches, the injured party could wait until the time arrived for a complete performance by the other party and then bring an action for damages for such breaches." (47 P.2d page 276)

The Tahoe Pines Co. case holds that in an action for specific performance of an installment contract for the purchase of realty, the cause of action accrues when the last installment becomes due. This is based on the equitable doctrine of mutuality. Neither party to such an installment contract can maintain an action for specific performance until the final payment is due since the "vendor is prevented because of the fact that the installments are not due, and the vendee for the reason that until he has made full payment he is not in a condition to demand a conveyance." 210 P. page 447)

The principle is stated in Restatement, Contracts, as follows:

"§ 322. WHEN STATUTE OF LIMITATIONS BEGINS TO RUN IN CASE OF ANTICIPATORY BREACH.

If no action on an anticipatory breach is brought before the time fixed by the contract for the beginning of performance by the party who has committed such a breach, the period of the Statute of Limitations begins to run only from the time so fixed by the contract."

■ The appellant states the statute of limitations is a personal defense and was not raised by the Church and Jackson cannot raise it for the Church. We disagree as the correct statement of the law appears to be stated in Taylor Bros. Co. v. Duden, 112 Utah 436, 188 P.2d 995, 996 (1948), where the court quoted 34 Am.Jur., Limitations of Actions, § 379, page 294:

"Although, it is generally true that the statute of limitations is a plea personal to the debtor, it is nevertheless established that where there is a privity between the party who could, if sued, plead the statute and the party offering to plead it, the latter may plead it to save his property. Such is the case with heirs, mortgagees, transferees of mortgaged property, and, unless the grant is fraudulent, vendees. * * *"

See also: Johnson v. Ware, 58 Cal. App.2d 204, 136 P.2d 101 (1943); Tinsley v. Lombard, 46 Or. 9, 78 P. 895 (1904); George v. Butler, 26 Wash. 456, 67 P. 263, 57 L.R.A. 396 (1901); Developments—Statute of Limitations, 63 Harv.L.Rev. 1177, 1250 (1950).

■ Appellant says this action is one for slander of title by Jackson and is therefore not barred by the two year statute of limitations, Cal.Code of Civil Procedure, Sec. 339. The claim of slander of title is made for the first time on appeal. The complaint alleged a claim for damages against Jackson for inter-

ference with contract. Such a claim is barred by the two year statute, Sec. 339. McFaddin v. H. S. Crocker Co., 219 Cal. App.2d 585, 33 Cal.Rptr. 389, 393 (1963).

"By the third cause of action the plaintiff sought to recover damages for tortious interference with her business. (Citations) With respect to the allegation as to a conspiracy, the following statement in Agnew v. Parks, 172 Cal.App.2d 756, at page 765, 343 P.2d 118, 123, is apropos: 'There existing no cause of action for conspiracy in and of itself, the statute of limitations is determined by the nature of the action in which the conspiracy is alleged.' Since the applicable statute of limitations is embodied in section 339, subdivision 1, of the Code of Civil Procedure, the cause of action is barred because the action was not commenced within two years of the commission of the wrong. (Citations omitted.)"

■ The appellant may not change his theory for the first time on appeal, which appellant has endeavored to do to avoid the applicable statute of limitations.

"* * * Neither of these contentions were presented to the trial court. It was assumed in the trial court that the statute of limitation was properly pleaded, and that section 338, subd. 1, of the California Code of Civil Procedure was the applicable statute. In any event, therefore, appellee cannot here claim waiver, having treated appellant's plea of the statute as sufficient upon the trial. * * * Moreover, the case should not be here disposed of upon an entirely different theory. * * *" Foster & Kleiser Co. v. Special Site Sign Co., 85 F.2d 742, 751 (9th Cir. 1936), cert. denied 299 U.S. 613, 57 S.Ct. 315, 81 L.Ed. 452 (1937).

■ From the record here it appears that if permitted appellant could not set out a valid claim for relief on the theory of slander of title. The contract between

appellant and the Church has been adjudged invalid. The claim of slander of title requires a showing of falsity—that is lacking here. The validity of Jackson's rights were adjudicated in the state court.

The law in California on this subject is stated in Kirsch v. Barnes, 153 F.Supp. 260 (N.D.Cal.1957), affirmed 263 F.2d 692 (9th Cir. 1959).

> "In adopting the Restatement rule, the California Supreme Court in Gudger v. Manton, 21 Cal.2d 537, 134 P.2d 217, set forth the following definition of slander to title:
>
> 'One who, without a privilege to do so, publishes matter *which is untrue* and disparaging to another's property in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused.' \* \* \* Dean Prosser sets forth five basic elements of the tort as the requirements that:
>
> 1. The *falsehood* must be communicated to a third person;
>
> 2. The publication and its disparaging innuendo must be plead and proven;
>
> 3. The *falsity of the matter* must be plead as part of the plaintiff's cause of action;
>
> 4. The publication must have played a material and substantial part in inducing others not to deal with plaintiff; and
>
> 5. The plaintiff must have suffered special damage as a result.

See Prosser on Torts, 2d Ed., 1955, p. 764 et seq. Aside from the question of privilege \* \* \*, the gravamen of the action is the disparaging 'innuendo' or 'imputation' of *matter that is without legal foundation and hence, false* (Citations omitted)." (Emphasis supplied.) (pp. 263–264.)

The judgment of the District Court is affirmed.

Appellee Jackson asks for damages under 28 U.S.C.A. § 1912, which authorizes their allowance for delay. We do not consider this case as one calling for a penalty of damages against the appellant and grant no relief under that section.