[Civ. No. 8212. Second Appellate District, Division One.—April 22, 1932.]

FAIR VIEW FARMS COMPANY (a Voluntary Trust, etc.), et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

William C. Ring for Petitioners.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondent.

TAPPAAN, J., *pro tem.*—Petitioners secured an alternative writ of prohibition directed to the respondent, the Superior Court of the State of California, in and for the County of Los Angeles, requiring said court, at a date therein fixed, to show cause why a peremptory writ of prohibition should not issue prohibiting and restraining said court in a certain action then pending before it from making, rendering or entering its decision in writing in said action, or making or entering findings of fact or conclusions of law or judgment therein. Treating the first paragraph of the return as a demurrer to the petition, we proceed on the theory that the facts alleged in the petition are admitted.

The action in which petitioners seek this writ is entitled *"Walsh* v. *Fair View Farms Co. et al.",* and the complaint alleges that plaintiff therein made and entered into a contract with defendants and petitioners by the terms of which petitioners contracted to sell to plaintiff certain real property and to plant upon said property so contracted to be sold, grape-vines and to care for said vines when so planted. It is alleged that plaintiff under the terms of this contract paid to defendants sums amounting to $1,084.07, and the complaint further alleges defendants have failed to comply with the terms of the contract, and there has been a total failure of consideration. There is also an allegation that plaintiff served upon defendants a notice of rescission of the contract. The prayer of the complaint is for the sum of $1,084.07 and for the rescission of the contract, and that it may be canceled and delivered up. The answer of petitioners denies all material allegations of the complaint.

The case came on for trial before the superior court, and at that time defendants and petitioners objected to the hearing of the cause on the ground that it was a cause at law and within the exclusive jurisdiction of the municipal

court, the sum demanded being less than $2,000. The superior court overruled this objection and proceeded to hear the evidence, and at the close of the trial indicated that it would give judgment in favor of plaintiff and against defendants and petitioners for the sum found due and that the contract be canceled and rescinded. Thereupon petitioners secured this alternative writ of prohibition.

█ Petitioners' position here is that rescission is complete upon the giving of notice, and that there then arises an obligation implied by law to return the money paid under the rescinded contract; that this implied obligation to return the money is enforceable in an action at law, as contradistinguished from equity. That the complaint in the action here involved states a cause of action for rescission and seeks equitable relief, there can be no question. The granting of a money judgment alone, without the cancellation of the outstanding contract, would have afforded plaintiff but an incomplete and inadequate remedy, under the circumstances.

The question presented here has been before our courts in many phases and the decisions rendered have not at all times seemed to be harmonious. In the case of *Stone* v. *Superior Court,* 214 Cal. 272 [77 A. L. R. 743, 4 Pac. (2d) 777], our Supreme Court refused to follow the principle contended for by petitioners here. The facts in that case were not as strongly indicative of an equitable cause of action as they are in the case at bar. In the opinion filed in that case many of the cases cited by petitioners are there cited, and any further discussion of authorities is deemed unnecessary.

█ Petitioners' contention that by the securing of an attachment in the instant action, plaintiff became estopped from proceeding upon any theory other than that his cause of action was at law, is without merit. Plaintiff's cause of action must be measured by the facts as stated in his complaint, and the trial court is justified in rendering its judgment in conformity with such allegations. The fact that a plaintiff may be inconsistent in attempting to enforce his cause of action of itself does not change his cause of action, as stated in the complaint. The plaintiff must rest his case upon the cause so stated. The fact that he does so cannot mislead defendant or form the basis of estoppel.

The demurrer is sustained; the alternative writ is discharged, and the petition for peremptory writ is denied.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 19, 1932, and an application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1932.