[Civ. No. 12103. Second Appellate District, Division One.—November 22, 1940.]

STANLEY WEHEN, as Trustee, etc., Respondent, v. MARTIN LUNDGAARD, Appellant.

Martin Lundgaard, *in pro. per.*, for Appellant.

H. Sidney Laughlin for Respondent.

WHITE, J.—During the year 1932 appellant owned and operated a dairy farm situate in Los Angeles County. On or

about September 1 of that year respondent's assignor sold to appellant a Parker ice machine for the sum of $300. The transaction was evidenced by a written agreement under the terms of which appellant as buyer agreed to pay the purchase price in twenty monthly instalments of $15 each, with interest at eight per cent per annum. No payments whatever were made pursuant to the contract, and accordingly on May 20, 1934, the entire amount, and particularly the last payment under the contract, became due. On October 15, 1937, this action was commenced to enforce specific performance of the contract, resulting in judgment for plaintiff, and from which judgment this appeal was taken, coming to us upon the judgment roll alone.

Appellant urges that the superior court is without jurisdiction to specifically enforce a conditional sales agreement involving $300 principal, where the seller allowed more than five years to elapse from the date of the first default in payment of an instalment and when upon such date the seller was empowered under the terms of the contract to repossess the property or declare the entire amount of the contract due and sue therefor.

■ It is true, as contended by appellant, that in actions at law the jurisdiction of the superior court is limited to amounts in excess of $2,000, but it is equally true that if the action is one for equitable relief, then the superior court is clothed with jurisdiction. (*Fair View Farms Co.* v. *Superior Court,* 123 Cal. App. 9 [10 Pac. (2d) 1011]; *Tullis* v. *Title Guarantee etc. Co.,* 11 Cal. App. (2d) 391 [54 Pac. (2d) 65].) But this is not a case in which equity will intervene. ■ There is no dissent in the authorities from the proposition that equity will only enforce agreements, for the breach of which damages may be recovered, when an action for damages would be an inadequate remedy. In other words, specific performance will be decreed only when no other adequate relief is available to the plaintiff. Where the legal remedy of compensatory damages is sufficient to do complete justice between the parties, equity will not assume jurisdiction. (*Morrison* v. *Land,* 169 Cal. 580 [147 Pac. 259]; *Owens* v. *McNally,* 113 Cal. 444, 453 [45 Pac. 710, 33 L. R. A. 369].)

■ While it is true, as set forth in *Tahoe Pines Co.* v. *Newman,* 59 Cal. App. 186, 189, 190 [210 Pac. 445], cited by respondent, that whether equity will enforce the specific performance of a contract is not dependent upon the character

of the property involved, that is, whether it be real or personal, nevertheless, whether the property be real or personal it must first appear that no adequate relief other than an appeal to equity is available to the plaintiff before he can go into such a court. It is only where there are present circumstances in view of which a judgment for damages would fall short of the redress which the plaintiff's situation demands, as for instance, where by nonperformance of the contract the latter will be greatly embarrassed and impeded in his business plans or in a loss of profits which a jury cannot estimate with any degree of certainty, that equity will decree specific performance. (*Duff* v. *Fisher*, 15 Cal. 375, 381.)

■ Furthermore, the general rule is that equity will not decree the specific performance of contracts relating to personal property where there is no specific quality in the individual articles which gives them a special value to the contracting party and where the recovery of damages will enable him to purchase others in the market of like kind and quality, such as could be done with reference to the property in the instant case. ■ Moreover, by reason of the provisions of section 3387 of the Civil Code, it would appear that a presumption prevails in the case of contracts for the transfer of personalty that money damages will provide adequate compensation for a breach. As pointed out in 23 Cal. Jur., page 477, " . . . where the breach complained of cannot be adequately compensated by damages,—as where the articles contracted for are of such a rare or sentimental value that they cannot be duplicated—specific performance may be granted. Thus equity will grant relief in the case of heirlooms, family jewels and the like, where there is a peculiar value attached to the article on account of its individual or associated qualities."

■ In the case at bar, under the terms of the contract, when the first and subsequent defaults occurred the seller was clothed with the power to declare all remaining instalments of the purchase price plus accrued interest thereon immediately due and payable and to enforce payment of the entire sum by suit therefor. It is manifest that had plaintiff resorted to his legal remedy no difficulty whatever would have been encountered in determining with absolute certainty the amount of his damages, which, according to the terms of the contract, would be the amount promised to be paid by the purchaser for the Parker ice machine which he purchased

under the conditional sales contract, and which article of merchandise does not come within the classifications or exceptions adverted to in the foregoing quotation from California Jurisprudence. Under these circumstances, the case is not one within the well-settled principles relative to the proper exercise of equitable jurisdiction. ▋ The fact that plaintiff was guilty of laches and permitted the statute of limitations to run against some of the delinquent payments, does not entitle him to the intervention of equity, for as declared in section 3527 of the Civil Code, the law helps the vigilant, before those who sleep on their rights.

For the foregoing reasons, the judgment is reversed.

York, P. J., and Doran, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 20, 1941.