[L. A. No. 17315.   In Bank.   Dec. 9, 1941.]

HELEN BOULTON JONES, Respondent, v. WILLIAM J. CLARK, as Executor, etc., et al., Appellants.

H. S. Farrell for Appellants.

R. D. Wickham for Respondent.

CURTIS, J.—The defendants prosecute this appeal from a judgment enforcing a written contract to devise property and decreeing that plaintiff is the equitable owner thereof and entitled to its conveyance, the defendants holding it in trust for her use and benefit. The principal issue on the appeal has to do with the asserted insufficiency of the evidence to support such judgment.

 It appears that in August, 1935, the plaintiff, a married niece of the testatrix, was living in Acworth, New Hampshire, where she and her husband owned several parcels of real property. At about this time the testatrix, a childless widow, left her home in Alhambra in this state to visit with her sister and nieces in Detroit, Michigan, and other places. During the course of her sojourn she visited with the plaintiff in New Hampshire where she remained about a month. While there the testatrix apparently became fond of the plaintiff, who testified that on an occasion when they were conversing the testatrix stated, "If I would come to California to live and be near her and sell my property in New Hampshire, that she would leave me her property here in California. She said she was lonely since her daughter's death . . . that none of her relatives were out here, that no one was here, and that she wished I would be near her, so that she could see me."

Later, and after her return to this state, the testatrix, according to plaintiff's testimony, repeated this offer by letter on several occasions, wanting to know "how soon I could straighten out my affairs and come out there." Plaintiff

ultimately replied accepting the offer, indicating that she would come to this state as early as necessary adjustments would permit. Plaintiff testified that these several letters were either lost or destroyed in the moving process, she having attached no particular importance to their continued existence.

In March, 1936, plaintiff and her husband did move to southern California where they continued to live except for a return visit to New Hampshire to sell their property, the sale being upon the advice and at the request of the testatrix. Plaintiff lived for a while in Hollywood and later, at the request of the testatrix, in Alhambra in the immediate vicinity of the home of the testatrix. She lived at the latter place until her aunt's death in August, 1938, spending much time with her aunt until a few weeks prior to the latter's death when some disagreement occurred between them.

Apparently the testatrix was satisfied with the arrangement resulting from plaintiff's removal to this state for after plaintiff had disposed of the New Hampshire property, thus making more certain her permanent residence here, the testatrix on March 9, 1937, executed a will leaving to plaintiff her home in Alhambra and the furnishings thereof, the property here in dispute. Provision was also made for other relatives. On January 14, 1938, a codicil was executed by the terms of which a sewing machine left under the will to another was bequeathed to plaintiff. On July 13, 1938, however, a few weeks before her death at the age of 87 years, and apparently after the above mentioned disagreement between plaintiff and testatrix, the latter executed a second codicil to her will in which she declared, "I desire to revoke my devise and bequest to my niece, Nellie Boulton Jones [plaintiff and respondent herein], for the reason that since she has lived in Alhambra she has not helped me, nor been good to me and has disturbed me greatly by her actions toward me." This document also made money bequests to two other persons.

The will and codicils were offered for probate. Before their admission, plaintiff here filed a contest to the second codicil on the ground that the testatrix was of unsound mind at the time of its execution. The court found her to be sane and all three documents were accordingly admitted to probate. Thereupon plaintiff commenced this action to enforce the written contract and agreement alleged to have been

made in 1935 between her and the testatrix. As already indicated, the court below found in favor of the plaintiff, decreeing that she was the equitable owner of the home and furnishings of the testatrix and entitled to the conveyance thereof from the defendant executor and other heirs who held them in trust for her use and benefit.

As to the conversation with the testatrix in 1935 and as to the receipt of the subsequent but lost letters from the testatrix soliciting plaintiff to sell her New Hampshire property and come to this state to live in exchange for the testatrix' promise to devise and bequeath her property, plaintiff's testimony was corroborated by that of her husband. In addition, there was substantial corroboration furnished by other and disinterested witnesses. The housekeeper for the testatrix testified that the latter ''told me she was going to have Mrs. Jones come out here and she was going to give her property to her . . . she told me that several times. She wanted her to come out here and be here. . . . Her place where she was living. She said she was going to give this place to Nellie; and her furnishings. . . . '' This same witness testified that she had written letters for the testatrix importuning the plaintiff to come to California to live on the strength of her promise to leave the property to plaintiff. Another housekeeper for the testatrix testified that the latter had related to her that she had gone to visit her relatives in the east ''with the purpose of seeing which would come out here and which would treat her the best, you know, the friendliest towards her. . . . Well, she said that she had her come out here for that purpose, to come here to be near her for companionship. She said at different times that she was leaving everything to Mrs. Jones.'' Other corroborative evidence appears in the record.

Upon this evidence the court below found that the testatrix had entered into a written contract with the plaintiff whereby the former agreed to devise and bequeath her real property and furnishings to the plaintiff if the latter would sell her New Hampshire property and come here to live near the testatrix and furnish her with companionship; that plaintiff had performed all things required of her by the contract; and that the contract was fair and equitable and the consideration passing from one to the other of equal value. There being substantial evidence to support these findings an

appellate court will not interfere therewith. (*Jones* v. *Rutherford*, 8 Cal. (2d) 603, 607 [67 Pac. (2d) 92]; *Simonton* v. *Los Angeles T. & S. Bank*, 205 Cal. 252, 259 [270 Pac. 672].) The self-serving declaration in the second codicil that plaintiff while living in Alhambra "has not helped me, nor been good to me," cannot foreclose an inquiry as to whether plaintiff actually had performed what was required of her under the agreement. At best, it creates a mere conflict in the evidence, a matter for the exclusive determination of the trial court. From the plaintiff's evidence, as well as from the fact of execution of the will leaving the property in dispute to the plaintiff, and also from the fact of execution of the first codicil a few months before testatrix' death augmenting the bequest to plaintiff, the trial court might properly conclude, as it apparently did, that plaintiff had fully performed her part of the contract.

The case of *Davis* v. *Jacoby*, 1 Cal. (2d) 370 [34 Pac. (2d) 1026], sufficiently answers appellants' challenge to indicate a case where our appellate courts have sustained a "verbal agreement to make a will . . . or where a written agreement to make a will depending on a lost document has ever been upheld." In the cited case, as here, the contract relied on was the result of an exchange of letters. There, plaintiffs' letter of acceptance of the testator's offer had been lost or destroyed but its contents were established by parol, this court declaring, *supra*, at p. 374, "The testimony is uncontradicted and ample to support the trial court's finding that the letter was sent . . . and received. . . . " In *Wolf* v. *Donohue*, 206 Cal. 213, 216–219 [273 Pac. 547], the contract was also based on an exchange of subsequently lost or destroyed letters. It was held that secondary evidence of their contents was admissible and that the trial court properly found for the plaintiff on such evidence.

Nor is there merit in the contention that plaintiff had an adequate remedy at law. As said in *Wolf* v. *Donohue*, *supra*, at p. 220: "It is well settled in this state by numerous decisions that a court of equity will decree specific performance of such an agreement [to dispose of property by will] upon the recognized principles by which it is governed in the exercise of this branch of its jurisdiction."

Contrary to the appellants' further contention, it must be held that the parol evidence disclosed the terms of the contract to be adequately certain and definite. Like-

wise, there was ample consideration for the promise of the testatrix. In reliance upon that promise plaintiff sold her property and left her home state to be near the testatrix as requested. ▮ Any asserted lack of mutuality of remedy existent at the inception of the contract obviously was cured by plaintiff's substantial performance of the contract long prior to this effort to enforce it. The doctrine of mutuality of remedies applies only to executory contracts and not to executed contracts. This exception to the mutuality rule is well established and finds expression in section 3386 of the Civil Code.

▮ Appellants further contend that the court erred in permitting plaintiff to testify at the trial of said action as to facts occurring prior to the death of testatrix. This contention is based upon the provisions of subdivision 3, section 1880, Code of Civil Procedure, which prohibit a party to an action against an executor or administrator upon a claim or demand against the estate of a deceased person from becoming a witness as to any matter or fact occurring before the death of such deceased person. The restrictions upon a party becoming a witness contained in this section of the code do not apply to an action like the present one. (*Davis* v. *Jacoby*, 1 Cal. (2d) 370 [34 Pac. (2d) 1026]; *Steinberger* v. *Young*, 175 Cal. 81 [165 Pac. 432]; *Furman* v. *Craine*, 18 Cal. App. 41 [121 Pac. 1007].) Appellants rely upon the case of *Ruble* v. *Richardson*, 188 Cal. 150 [204 Pac. 572]. That was an action on a claim against the estate of the deceased brought against the executor of the will of the deceased and came clearly within the inhibition against a party to an action testifying as provided in the code provision above stated. The present action is one to compel specific performance of a contract entered into by the deceased with plaintiff and, as held in *Furman* v. *Craine, supra,* at p. 49, " . . . was not prosecuted upon a claim against an estate, and hence the admission of the testimony did not contravene the provisions of this section [Section 1880, Code of Civil Procedure]."

Other contentions of appellants are equally without merit and do not require specific mention.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.