[Civ. No. 7040. Third Dist. Aug. 29, 1944.]

CLYDE VAN FOSSEN, Appellant, v. JOE YAGER, Individually and as Executor, etc., Respondent.

592

Roy A. Weaver and Orr M. Chenoweth for Appellant.

E. Hendricksen and Evan J. Hughes for Respondent.

PEEK, J.—The plaintiff by his action seeks to have it declared that the defendant holds an undivided one-half interest in certain ranch property in trust for plaintiff, and to compel a conveyance of the same.

The real property in question was acquired by T. E. Van Fossen and Maria Van Fossen, his wife, in 1872, and remained in the family until the death of a son, Dean Van Fossen, in 1941. The plaintiff is the surviving member of the Van Fossen family.

After the father's death in 1913, and until the death of the mother in 1924, the property was held by her. Shortly before the mother's death it was agreed between herself and her three sons that the oldest son, Ernest, and the second son, Dean, both of whom were then of middle age and had never been married, should remain in the exclusive possession of the ranch for the remainder of their lives, operating it as they saw fit. It also was a part of said agreement that Ernest and Dean would not divide or dispose of the property or make

a will which would prevent plaintiff from inheriting their interest in the ranch, thereby carrying out the desires of their mother that the ranch remain in the family. By her will the ranch was left to the three sons in equal shares. After their mother's death Ernest and Dean remained in possession and operation of the ranch, receiving all of the proceeds therefrom for their own use, while plaintiff remained in Sacramento, where he had resided for several years. After the death of Ernest, intestate, in 1937, Dean likewise continued in exclusive possession of the ranch until his death in August, 1941. Dean, however, left a will dated August 16, 1940, by which he devised his one-half interest in the property to the defendant herein, Joe Yager.

Approximately one year after the death of Dean, the plaintiff commenced his action. At the conclusion of the hearing thereon the court found in accordance with the facts as previously stated. The court further found that Dean, in violation of the agreement, had devised his interest to defendant, and that plaintiff had fully performed the terms of the agreement on his part. The court then concluded that plaintiff was entitled to a decree of specific performance, that the defendant held title in trust for plaintiff, and that plaintiff was entitled to a conveyance of the ranch. Judgment was entered accordingly.

The defendant then moved for a new trial, but his motion was denied. However, an order was made and entered changing the findings of fact previously filed and modifying the judgment to one in favor of defendant. The new findings were essentially the same as the original in regard to the facts surrounding the agreement but in addition thereto the court found that the agreements referred to "were not in writing subscribed by any party thereto or by the agent of any party, nor was any note or memorandum of any such agreement in writing ever subscribed by any party thereto or by the agent of any party thereto." It also found that the plaintiff was married and that he had failed to execute a will or other instrument in writing sufficient to vest his interest in the ranch in either or both of his brothers in the event he should predecease them. From such findings the trial court concluded that the agreements were invalid by

reason of the provisions of section 1624 of the Civil Code. After entry of judgment for defendant, plaintiff moved for a new trial but the motion was denied.

It is plaintiff's contention on appeal: (1) that the finding that plaintiff failed to execute any will or other instrument during his lifetime to vest the title to his interest in the ranch in his brothers in the event he predeceased them or either of them, is not supported by the evidence in that there is no evidence whatsoever in the record as to whether plaintiff did or did not make a will or other instrument; (2) that assuming, for the sake of argument, that the trial court, in the absence of any evidence on the subject, had a right to indulge in the presumption that such an instrument was not executed, the finding that appellant did not execute such instrument should be disregarded because it is wholly immaterial for the reason that plaintiff survived his brothers, and therefore such event as was contemplated by the court did not happen; and (3) that assuming the trial court was correct in such finding, any lack of mutuality arising therefrom was eliminated by the full and complete performance of the agreement by the plaintiff in surrendering exclusive possession and use of the ranch to his brothers during their respective lives.

 In regard to the first point raised, the apparent reason for the modification of the findings in this regard is found in the memorandum opinion of the trial court, wherein it is stated:

"However, it seems to me that it was incumbent upon the plaintiff to show positively that Clyde had done whatever was necessary to establish a joint tenancy coupled with a life estate in his brothers, and that a court is justified in concluding that anything that it was necessary for him to do to this end was not done if he did not prove that it had been done. He did not do what he should have done to protect his brothers if he did not make such a will or execute such a document, and it is not equitable on his part to assert his rights as against the defendant if he did not do what was equitable toward the testator."

Our examination of the record discloses no allegation in the pleadings that it was a part of the agreement between the brothers and the mother or between the three brothers after her death, that Clyde should do anything to establish such a

"joint tenancy coupled with a life estate in his brothers." Defendant did not so allege in his answer; to the contrary he denied that there was any agreement whatsoever. Also there is no *evidence* that such was the agreement. Apparently all of the parties assumed that as the two bachelor brothers were then past middle age, the youngest son, Clyde, would undoubtedly survive them, as he did. And while there is no evidence that plaintiff did execute any will or other instrument in writing to vest the title to his interest in the ranch in both or either of his brothers in the event that he should predecease them, in the absence of such evidence, if any presumption is to be indulged it should be that plaintiff did execute such instrument if it was part of the oral agreement. See subsections 19, 20 and 37 of section 1963 of the Code of Civil Procedure, and section 3529 of the Civil Code.

We are entirely in accord with plaintiff's second contention that it is immaterial whether plaintiff executed a will or not. An action for specific performance must be determined upon the situation of the parties and the surrounding circumstances as of the time such action was commenced. In the present case the plaintiff survived his two brothers. For seventeen years, in accordance with the agreement, he surrendered to his two brothers the exclusive use, possession and proceeds of the ranch which was valued at $43,500. Even assuming, but not deciding, that it was a part of the agreement that plaintiff should execute a will or other instrument in favor of his brothers, his failure to execute said instrument ceased to be material upon the death of Dean, the second brother. Section 3392 of the Civil Code provided that

". . . Specific performance cannot be enforced in favor of a party who has not fully and fairly performed all the conditions precedent on his part to the obligation of the other party, except where his failure to perform is only partial, and either *entirely immaterial,* or capable of being fully compensated, *in which case specific performance may be compelled,* upon full compensation being made for the default." (Italics ours.)

It is contended by respondent that the agreement between the brothers and the mother lacks mutuality in that plaintiff did not, in words, acquiesce, but remained silent. However, silence is a form of conduct, and if plaintiff failed to

speak when he should have spoken, he would have been estopped to deny that he agreed to the terms proposed by the mother. (*Carmine* v. *Bowen,* 104 Md. 198 [64 A. 932, 934, 9 Ann.Cas. 1135].) Also his acquiescence is evidenced by the fact that he did comply with the agreement.

Again, if it may be assumed that there existed any lack of mutuality at the inception of the agreement, such condition was cured by plaintiff's complete performance of the contract prior to his efforts to enforce it. (*Jones* v. *Clark,* 19 Cal.2d 156-157 [119 P.2d 731] ; *Spires* v. *Urbahn,* 124 Cal. 110, 111 [56 P. 794] ; *Thurber* v. *Meves,* 119 Cal. 35 [50 P. 1063, 51 P. 536].)

The agreement in the present case was not executory but executed. Nothing further remained to be done. Both of the plaintiff's brothers were dead, and he had surrendered possession to them during the entire term of the agreement. ''The doctrine of mutuality of remedies applies only to executory contracts and not to executed contracts. This exception to the mutuality rule is well established and finds expression in section 3386 of the Civil Code.'' (*Jones* v. *Clark, supra.*)

In the trial court's conclusion that ''The agreements referred to in the foregoing findings of fact were and are invalid by reason of the provisions of Sec. 1624 of the Civil Code,'' it is not specified which subdivisions of said section were relied upon. Respondent points to subdivision 6 : ''An agreement which by its terms is not to be performed during the lifetime of the promisor, or an agreement to devise or bequeath any property, or to make any provision for any person by will.'' But it was no part of the agreement in this case to devise or bequeath property; nor is it argued by respondent that the agreement on the part of plaintiff was one not to be performed during his lifetime. However, regardless of which portion of section 1624 is relied upon it is well established that an agreement is taken out of the statute by performance. Although such statute is a bar at law, a court of equity may ''enforce a parol agreement to make a devise or bequest of property if there has been sufficient part performance.'' (*Rundell* v. *McDonald,* 62 Cal.App. 721, 724 [217 P. 1082] ; *Stewart* v. *Smith,* 6 Cal.App. 152 [91 P. 667].) The factual situation in the instant case is much stronger than that in the case last cited. Here, the undisputed

testimony shows conclusively that the plaintiff completely performed his obligation under the agreement. ■ Such facts clearly reveal the adequacy of the consideration. (*Stewart* v. *Smith, supra.*)

"A fully executed parol contract cannot be affected by the statute of frauds." (12 Cal.Jur. p. 926, § 96.) "Since the statute of frauds was designed to prevent fraud, the courts have declared that they will not permit it to become the instrument of fraud. The statute is to be used as a shield, not as a sword." (12 Cal.Jur. p. 933, § 102.)

The answer to whether it would be a fraud on appellant to deprive him of the benefits of the agreements to which he conformed for seventeen years is found in the language of the court in *Stewart* v. *Smith, supra,* at page 161, which is particularly appropriate here:

"If it would not be a fraud upon them to withhold specific performance, then we mistake the meaning of the expression. They have not entered into the actual possession of the real property and made valuable improvements upon it, but relying on the promise of the mother they surrendered to her the possession and deprived themselves of the use of the property and the opportunity and means to make valuable improvements thereon. In an action to enforce specific performance of such a contract the surrender of possession of real property by one party to the other in reliance upon the latter's promise must be considered, in contemplation of equity, a factor as persuasive as though the former had *acquired* possession by virtue of said contract."

The judgment is reversed, and the court is instructed to enter judgment for plaintiff in accordance with the findings and conclusions of law as originally made.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied September 26, 1944, and respondent's petition for a hearing by the Supreme Court was denied October 26, 1944.