[Civ. No. 23967. First Dist., Div. Four. Mar. 20, 1968.]

JARRELL Q. HENDERSON et al., Plaintiffs, Cross-defendants and Respondents, v. RUBY M. FISHER, as Administratrix, etc., Defendant, Cross-complainant and Appellant.

Passalacqua & Mazzoni and James R. Mazzoni, Jr., for Defendant, Cross-complainant and Appellant.

Hotle & McConnell and William H. McConnell for Plaintiffs, Cross-defendants and Respondents.

CHRISTIAN, J.—In a previous appeal in the same action (*Henderson* v. *Fisher* (1965) 236 Cal.App.2d 468 [46 Cal. Rptr. 173]) it was determined that a piece of real property which had been owned by defendant administratrix' decedent was subject to a constructive trust for "quasi-specific performance" of a contract. Under the contract plaintiffs undertook to care for decedent for the rest of his life in consideration of decedent's promise to convey his house and furniture to plaintiffs, reserving a life estate. Holding that the contract would have been specifically enforceable during decedent's lifetime, the Court of Appeal reversed the judgment of the trial court which had allowed money damages on a *quantum meruit* theory, and directed the trial court to amend its findings of fact and conclusions of law and decree specific performance of the contract.

In the present appeal defendant administratrix contends that the new judgment which was entered pursuant to the directions of the Court of Appeal errs in failing to provide that the property in question is held by the administratrix in trust for conveyance to plaintiffs *subject to costs of administration* in decedent's estate. The administratrix relies upon *Ludwicki* v. *Guerin* (1961) 57 Cal.2d 127, where the court declared (p. 132 [17 Cal.Rptr. 823, 367 P.2d 415]) :

"The action to impose the trust does not interfere with the proceedings in probate. It does not set forth a claim against the estate, or against the executor, or against his right to possession for the purposes of administration. The action is in effect a suit between a claimant under the contract and claimants under the will or by intestacy as to who is entitled to all or part of the estate, and it does not purport to interfere with the administration by the executor, who, with respect to the proceeding, is in the position of a stakeholder."

But the *Ludwicki* case did not involve a contract to convey real estate; the promise there sought to be enforced in equity was a promise to make a will, not a promise, as in our case, to execute an *inter vivos* conveyance of specific property. An agreement to benefit someone by the terms of a will necessarily implies that only the assets remaining after the payment of creditors' claims and costs of administration will be . distributed. No such provision appears in the contract which is to be enforced in the present case.

220

■ Reliance is also placed upon the provision in Probate Code, section 300, that title to a decedent's property passes to the persons interested "subject to the possession of the executor or administrator . . . and shall be chargeable with the expenses of administering his estate, and the payment of his debts and the allowance to the family, . . ." It is contended that section 300 prevails in the absence of a determination that decedent held the property as a trustee before his death. But according to the earlier holding of the Court of Appeal, a constructive trust was imposed upon the property "in the hands of those who have succeeded to the estate," for the purpose of "securing to the injured party the performance which he would have received had the contract been performed by the promisor during his lifetime." (*Henderson* v. *Fisher, supra,* 236 Cal.App.2d 468, 472, 478.) That performance did not contemplate that the property would be held subject to costs of administration. Therefore, according to the decision in the former appeal, the administratrix, the creditors and the heirs have no interest which can prevail against plaintiffs' right to receive conveyance of the property described in the contract. The only power and duty of the administratrix with respect to this property is, acting under the directions of the court of equity, to convey to plaintiffs whatever title decedent had in the property at the time of his death. To hold otherwise would vitiate the power of the court to order specific performance in any case where "the expenses of administering his estate, and the payment of his debts and the allowance to the family" as mentioned in Probate Code, section 300 might exceed the value of assets remaining in the estate after conveyance of the real property subject to the contract. ■ Property which the decedent held under an express or constructive trust is not an asset of his estate. (*Elizalde* v. *Elizalde* (1902) 137 Cal. 634 [66 P. 369, 70 P. 861].) Therefore it is not held subject to the costs of administration or the claims of creditors.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.